IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-3432-PAB-NRN

MAC PIERCE, NIKI HUGHES,
SEAN HUGHES, & VALERIE CUMMING,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PHOTOBUCKET INC.,

    Defendant.

**DEFENDANT PHOTOBUCKET.COM, INC.'S EMERGENCY
MOTION TO VACATE CASE DEADLINES**

By and through its undersigned counsel, Defendant Photobucket.com, Inc. ("Photobucket") respectfully requests that the Court vacate the deadlines to respond to the Complaint (set for September 2, 2025), to file a proposed scheduling order, and to appear at the Case Management Conference. (ECF 38.) Photobucket further notifies the Court that it will file a formal motion to stay proceedings no later than September 3, 2025, to maintain the status quo while Photobucket's Amended Motion to Compel Arbitration (ECF 25, the "Arbitration Motion") is pending.

Proceeding with responsive pleadings and case management obligations before the Court's threshold determination on arbitration would impose unnecessary burden and expense on the parties and the Court, and would risk inconsistent or duplicative proceedings if arbitration is compelled. In the alternative, Photobucket requests that the Court reset these deadlines to allow sufficient time for briefing and resolution of the forthcoming motion to stay.

## Request for Emergency Relief

In view of the proximity of upcoming deadlines and in order to ensure the orderly resolution of the pleadings, Photobucket respectfully requests immediate relief by vacating or resetting deadlines to allow full briefing on the forthcoming motion to stay.[1] *See Safeco Ins. Co. of Am. v. Grabow*, Civil Action No. 19-cv-01825-LTB-KLM, 2020 U.S. Dist. LEXIS 169461 at *1-2 (discussing the Court's vacatur of approaching deadlines and issuance of a briefing schedule after notice that motion to stay was

---

[1] Consistent with Uniform Civil Practice Standards of the United States Magistrate Judges Rule V.7, and with particular respect to the present request to the deadline to respond to the Complaint, Photobucket files this motion at least three business days before the first operative deadline.

1

forthcoming); D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Photobucket seeks the present relief based on its understanding that a motion to stay is now required to maintain the status quo and avoid a prejudicial expenditure of party and court resources while the Arbitration Motion is pending, in view of the parties' discussions and Plaintiffs' resistance to further extensions. Should the Court deem necessary, Photobucket stands ready to brief the present motion and the forthcoming Motion to Stay on an expedited basis.

Certification of Conference

As set forth below and pursuant to D.C.Colo.LCivR 7.1(a), Photobucket conferred with Plaintiffs beginning August 25, 2025 with further discussion by email through and including August 26, 2025, and a further telephonic conference on August 27, 2025. Plaintiffs indicated that while they would not oppose an extension of two weeks for Photobucket's deadline to respond to the Complaint, they opposed any motion to stay, or to vacate or otherwise extend the deadlines. As the basis for their opposition, Plaintiffs asserted their position that the Arbitration Motion should be denied, and a concern that future deadlines in this matter might be compressed based on any further extensions.[2]

---

[2] *But see Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("I do not find that Plaintiff would be prejudiced by the requested stay[,]" and citing *In re First Constitution Shareholders Litigation,* 145 F.R.D. 291, 293 (D.Conn.1991) (granting defendants' motion for a stay of discovery after finding there would be no prejudice to plaintiff, "which 'will have ample time [if the motion to dismiss is denied] to take discovery on the merits of its claims'")

2

Pursuant to D.C.Colo.LCivR 6.1(c), a copy of this motion will be served on Photobucket by the undersigned counsel.

Previous Extensions & Diligence (D.C.COLO.MJ V.7)

As previously noted to the Court and on March 7, 2025, Photobucket filed a motion to compel arbitration (ECF 19) pursuant to Section 4 of the Federal Arbitration Act (the "FAA," 9 U.S.C. § 4 *et seq.*), which further sought a stay of proceedings mandated under the FAA. *See* 9 U.S.C. § 3. During the pendency of such motion, the Parties engaged in informal discovery to support Plaintiffs' response to the motion and narrow disputes. Based on such discovery and on April 11, 2025, Photobucket filed an Amended Motion to Compel Arbitration (ECF 25) (the "Arbitration Motion"). Plaintiffs' opposition to the Arbitration Motion was filed May 16, and Photobucket's reply filed June 6, 2025. (ECF 32; ECF 35.)

Before and during the pendency of the Arbitration Motion, the Court granted the following extensions:

- On December 26, 2024, Photobucket filed its (first) Unopposed Motion for Extension of Time to File Answer or Otherwise Respond to the Complaint (ECF 8), which the Court granted on December 27, 2024. (*See* ECF 11.) The Court's order on the subject motion set a deadline of April 1, 2025 to respond to the complaint.

- On March 3, 2025, Photobucket filed an Unopposed Motion to Vacate Scheduling Conference, which the Court granted on March 4, 2025. (*See* ECF 15; ECF 18.)

- On March 19, 2025, Photobucket filed its Second Motion for Extension of Time to File Answer or Otherwise Respond (ECF 20), which the Court granted on March

3

20, 2025. (*See* ECF 22.) The Court's order on the subject motion set a deadline of May 27, 2025 to respond to the complaint.

- On May 8, 2025, Photobucket filed its (second) Unopposed Motion to Continue Case Management Conference and Third Unopposed Motion for Extension of Time to Respond to Initial Complaint (ECF 28), which the Court granted on May 8, 2025. (*See* ECF 30.) The Court's order on the subject motion set a deadline of July 22, 2025 to respond to the complaint, and reset the Case Management conference to July 15, 2025.

- On July 7, 2025, Photobucket filed its (third) Unopposed Motion to Continue Case Management Conference and (fourth) Unopposed Motion for Extension of Time to Respond to Initial Complaint, which the Court granted on July 8, 2025. (*See* ECF 38.) The Court's order on the subject motion set a deadline of September 2, 2025 to respond to the complaint, and reset the Case Management conference to September 15, 2025.

## **Argument**

Throughout the course of the preceding extensions, and in parallel to Photobucket's efforts to resolve the dispute through arbitration, Photobucket has acted diligently and in good faith to provide the information requested by Plaintiffs and to narrow disputes without further Court involvement.

As presented through its declarations on record, Photobucket "is not licensing, and has no current plan to license, its archives for biometric analysis, including as to the accounts for Mr. Pierce, Ms. Hughes, and Ms. Cumming." (*See* ECF 25-2 (Amended Declaration of Scott Curry), ¶3.) Based on same, Photobucket undertook to address

4

residual points raised by Plaintiffs with a view towards resolving this matter without the need for this Court's substantive involvement. (*E.g.,* Supplemental Declaration of Scott Curry ("Suppl. Curry Decl."), ¶3 (noting public comments that third-party companies were interested in paying for access to Photobucket's dataset, but "no such license was executed, and Photobucket has no current plans to enter or expectations of entering into such a license. Photobucket has not received payments from any third parties for access to its users' images.").

The parties conferred further on July 22, 2025, and Plaintiffs requested additional clarifications, which Photobucket understood would be necessary to resolve the dispute without further litigation. On August 25, 2025, Photobucket provided the requested clarifications, in the form of draft language for the attached Supplemental Declaration of Scott Curry. In response and on August 26, 2025, counsel for Plaintiff declined Photobucket's proposal for a short extension to finalize a dismissal, and iterated a new demand—for the first time—that Photobucket disavow its Amended Terms of Use of July 22, 2024 as a necessary concession to resolve the matter.

Through this course, Photobucket has sought to align with the Parties' discussions of February 2025, in which the Plaintiffs confirmed they were amenable to and would not oppose extensions to case deadlines pending a ruling on the Arbitration Motion. *See* Declaration of James Beard, Ex. A, at 2/19/2025 Beard to Kanovitz ("We also understand that Plaintiffs would be amenable, in lieu of a stay, to extending Photobucket's deadline to respond to the Complaint until the motion is decided (at which time, either the case is administratively stayed pursuant to 9 USC 3, or a CMC

5

would be reset).") *and id.* at 2/19/2025 Kanovitz to Beard ("We would not oppose this structure.").

Based on Plaintiff's recent demands and its resistance to further extensions, Photobucket understands a motion to stay is now required to maintain the status quo and avoid a prejudicial expenditure of party and court resources while the Arbitration Motion is pending. In advance of and while Photobucket's motion to stay is pending, a brief vacatur of the current case deadlines is appropriate. *See Safeco*, 2020 U.S. Dist. LEXIS 169461, at *1-2 (discussing the court's vacatur of deadlines and issuance of a briefing schedule for motion to stay after notification the request was forthcoming).

Proceeding with the current deadlines before the Court rules on the Arbitration Motion would impose unnecessary burden and expense on the parties and the Court, risk duplicative or inconsistent proceedings, and divert resources from the threshold arbitration process. By vacating the responsive pleading deadline, the proposed schedule, and the Case Management Conference, the Court can maintain the status quo while allowing the Arbitration Motion to be resolved efficiently.

There is no discernable prejudice to Plaintiffs from a brief vacatur, as Photobucket is not licensing and has no plans to license its dataset to any third parties for biometric identification. (*See generally* ECF 25-2 (Amended Curry Decl.) *and* Supp. Curry Decl.) The relief requested best serves the interests of judicial economy, as the forthcoming motion to stay will streamline proceedings while the Arbitration Motion is pending without implicating repeated and opposed motions to continue case deadlines. These requests are made in good faith and not for the purposes of delay. Rather, they are made to ensure that this matter proceeds unprejudiced despite Photobucket's

6

diligent and exhaustive efforts to resolve this dispute amicably, in a manner consistent with the Federal Arbitration Act's mandatory provisions, and under the Court's inherent authority.

## Conclusion

In view of same, Photobucket respectfully requests that this Court vacate (1) the deadlines for Photobucket to respond to the Complaint, (2) the deadline to file a proposed schedule, and (3) the hearing for the Case Management Conference. (*See* ECF 38 (setting deadlines).) In the alternative, Photobucket respectfully requests that this Court reset such deadlines sufficiently in advance for the parties to brief, and this Court to rule on, the forthcoming Motion to Stay.

Dated: August 27, 2025                                         Respectfully submitted,

*/s/ James Beard*
MERCHANT & GOULD, P.C.
Rachel Scobie
rscobie@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone:   612.332.5300
Facsimile:   612.332.9081

Jonathan Berschadsky
jberschadsky@merchantgould.com
500 5th Avenue, Suite 4100
New York, New York 10110
Telephone:   212.223.7241
Facsimile:   612.332.9081

James W. Beard
jbeard@merchantgould.com
1801 California St., Suite 3300
Denver, CO 80202
Telephone:   303.357.1670
Facsimile:   612.332.9081

*Attorneys for Defendant Photobucket.com, Inc.*

7

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on August 27, 2025, a true and accurate copy of the foregoing document was served via ECF to all counsel of record. Pursuant to D.C.Colo.LCivR 6.1(c), a copy of the foregoing document will also be served by the undersigned counsel on Photobucket.

                */s/ James Beard*
                James Beard