# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-3432-PAB-NRN

MAC PIERCE, NIKI HUGHES,
SEAN HUGHES, & VALERIE CUMMING,
Individually and on Behalf of All Others Similarly Situated,

 Plaintiffs,

v.

PHOTOBUCKET INC.,

 Defendant.

## DEFENDANT PHOTOBUCKET.COM, INC.'S
## MOTION TO STAY

By and through its undersigned counsel, Defendant Photobucket.com, Inc. ("Photobucket") respectfully moves for a stay of all proceedings in this action, including discovery and case-management deadlines, pending a ruling on Photobucket's Arbitration Motion to Compel Arbitration (ECF 25, "Arbitration Motion"). A stay of proceedings is needed to maintain the status quo, avoid unnecessary expense and undue burden to the Parties and the Court, and to prevent the waste of judicial resources should the Court compel arbitration.

## Certification of Conference

As set forth below and pursuant to D.C.Colo.LCivR 7.1(a), Photobucket corresponded with Plaintiffs beginning August 25, 2025, with a telephonic conference on August 27, 2025. Plaintiffs indicated they intend to oppose this motion.

## **ARGUMENT**

While stays are generally disfavored, "courts in this District have exercised their discretion to stay discovery pending the resolution of a Motion to Compel Arbitration." *Richan v. Ageiss, Inc.*, No. 22-CV-01060-NYW, 2022 WL 2643565, at *3 and *4 (D. Colo. July 7, 2022) (granting motion to stay pending disposition of motion to compel arbitration); *see id.* at *2 ("the power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *Bernal v. Burnett*, No. 10-CV-01917-PAB-KMT, 2010 WL 4792628, at *1 (D. Colo. Nov. 18, 2010). The Federal Arbitration Act—the basis for Photobucket's Arbitration Motion—presents an express policy that litigation on arbitrable claims is improper by requiring that a district court stay proceedings upon satisfaction that issues

1

involved in a matter are "referable to arbitration" under an agreement. 9 U.S.C. § 4. The pending Arbitration Motion would effectively dispose of the above-captioned matter. *See Vernon v. Qwest Communs. Int'l, Inc.*, 925 F. Supp. 2d 1185, 1189 (D. Colo. 2013) ("Although the district court retains jurisdiction to review an arbitrator's decision, the scope of review is narrow" and reviewing magistrate's recommendation compelling arbitration as dispositive)*.* Pursuant to the Court's inherent authority and consistent with the policy set forth by the Federal Arbitration Act, this Court should stay proceedings pending a ruling on the Arbitration Motion.

The factors to be considered by the Court in determining the propriety of such a stay are: "(1) [the] plaintiff's interests in proceeding expediently with the civil action and potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not party to the civil litigation; and (5) the public interest." *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). These factors either neutral or weigh in favor of granting a stay pending the Court's ruling on Photobucket's Arbitration Motion.

**A.     Staying proceedings will not prejudice Plaintiffs' interests.**

The first *String Cheese* factor considers "plaintiff's interests in proceeding expeditiously… and the potential prejudice of a delay[.]" *String Cheese,* 2006 WL 894955, at *2. Here, Plaintiffs would experience no prejudice from a stay while the Court resolves the Arbitration Motion. *See Bernal*, 2010 WL 4792628, at *1 (finding that "the temporary nature of the stay requested" would not irreparably harm plaintiffs' ability to litigate the case); *Carey v. Buitrago*, No. 19-cv-02073-RM-STV, 2019 WL 6215443, at

2

*1 (D. Colo. Nov. 21, 2019) (granting a stay and finding no prejudice due to fairly simple factual allegations and the recency of events giving rise to Plaintiff's claims).

While Plaintiffs' Complaint is premised on the mistaken assertion that Photobucket might license its photos to third parties for biometric analysis, Photobucket has not undertaken to identify the users in its dataset (whether though biometric analysis or any other process) nor is Photobucket capable of performing any such analyses. (*See* Declaration of James Beard ("Beard Decl."), Ex. C (ECF 40-1, "Supp. Curry Decl."), ¶¶ 3-4).[1] Photobucket has not been paid by any third party for access to its dataset. (*Id.*, ¶ 3 ("Photobucket has not received payments from any third parties for access to its users' images.")). And as explained in previous declarations filed with this Court, Photobucket has no present plans to enter into any such licenses. (*See* Beard Decl., Ex. B (ECF 25-2, "Amend. Curry Decl."), ¶ 3; *id.*, Ex. C (ECF 40, Supp. Curry Decl.), ¶ 3.) There is no cognizable interest in proceeding expeditiously, as there is no discernable past or threatened harm to Plaintiffs' purported rights.[2]

The history of this case confirms the lack of any prejudice. When Photobucket first met and conferred with Plaintiffs over a potential motion to stay in February, Plaintiffs confirmed that they did not (at that time) oppose a *de facto* stay of proceedings

---

[1] While Photobucket can identify which photographs and videos in its dataset are stored in a given user's account, it lacks information that would permit it (or any third party) to identify the individuals in any such media. *See* Beard Decl., Ex. C (ECF 40-1, Supp. Curry Decl.), ¶ 4.

[2] Further to the same point and based on the Complaint, Photobucket anticipates filing a motion to dismiss based on lack of subject matter jurisdiction in the event the Arbitration Motion is denied. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (subject matter jurisdiction requires "injury in fact" – "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) *actual or imminent, not conjectural or hypothetical*[.]" (emphasis added, internal quotation and citations omitted)).

3

while arbitrability was decided. (*See* Beard Decl., Ex. C (ECF 40-1, Supp. Curry Decl.), at 5-6.) On February 18, 2025, counsel for the parties conferred telephonically regarding a motion to stay that Photobucket intended to file alongside its motion to compel arbitration, but Plaintiffs were "amenable, in lieu of a stay, to extending Photobucket's deadline to respond to the Complaint until the motion is decided (at which time, either the case is administratively stayed pursuant to 9 USC 3, or a CMC would be reset)." (*See* Beard Decl., Ex. A, at 2/19/2025 Beard to Kanovitz; *id.* at 1, 2/19/2025 Kanovitz to Beard ("We would not oppose this structure.").) While Plaintiffs have since come to oppose further extensions of the case calendar, their original acquiescence to a *de facto* stay confirms the lack of any relevant prejudice.

Further, any short delay implicated by a stay will not prevent plaintiffs from obtaining full and fair discovery in either arbitration or litigation. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("I do not find that Plaintiff would be prejudiced by the requested stay[,]"); *W. Farms Assocs. v. State Traffic Comm'n of Conn.*, No. H90-320 (AHN), 1990 U.S. Dist. LEXIS 21073 at *8 (D. Conn. July 23, 1990) ("If the motions are denied, West Farms will have ample time thereafter to take discovery on the merits of its claims" and granting stay).

Given the lack of cognizable harm, the early stage of the case, the declarations disposing of the purported harm claimed in the Complaint already provided to Plaintiff and to this Court, and the temporary nature of a stay, granting a stay would cause no prejudice to the Plaintiffs. For these reasons, this factor is neutral.

4

**B.     Allowing pretrial proceedings to continue would undermine the arbitration agreement and impose unnecessary burden and expense on Photobucket.**

The second *String Cheese* factor evaluates the burden on the defendant from denial of the stay. *String Cheese,* 2006 WL 894955, at *2. Requiring Photobucket to submit to litigation on the merits in the short time remaining before a ruling on its Arbitration Motion would cause an undue burden, and would vitiate the policies and purpose of the FAA by depriving Photobucket of the benefits of arbitration. *And see Richan*, 2022 WL 2643565, at *3 ("courts have concluded that requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant," and finding factor weighed in favor of stay).

The burdens of pre-disposition discovery are compounded and exacerbated here, as Plaintiffs are pursuing a class action and the relevant July 2024 Terms of Use further prohibit class action litigation, leaving any class discovery wholly irrelevant and an undue burden. (*See* Beard Decl., Ex. D (ECF 25-6, July 22, 2024 Terms of Use), §14.1 ("You acknowledge and agree that you and Photobucket are each waiving the right to a trial by jury or to participate as a plaintiff or class member in any purported class action or representative proceeding."); *id.*, Ex. B (ECF 25-2, Amend. Curry Decl.), ¶20 (attaching same).) Because of the potential scope of class action discovery, "substantial portions of such discovery may ultimately be useless and a waste of the parties' time and resources." *Stone v. Vail Resorts Dev. Co.*, No. 09-CV-02081-WYD-KLM, 2010 WL 148278, at *2 (D. Colo. Jan. 7, 2010); *Grosvenor v. Qwest Commc'ns Int'l, Inc.*, No. CIV.A09CV02848WDMKMT, 2010 WL 1413108, at *1 (D. Colo. Apr. 1, 2010) ("the breadth of class action discovery implicated in this case if a stay were not

5

granted would be a significantly elevated burden on Defendants" and finding factor weighed in favor of a stay).

In combination with *String Cheese*'s first factor: there would be no harm to Plaintiffs if the motion to stay is granted and the Arbitration Motion is denied given the lack of any imminent or even threatened harm, but there would be undue burden and material harm to Photobucket if the motion to stay is denied and the Arbitration Motion is granted. Requiring Photobucket to submit to pretrial proceedings and discovery prior to a ruling on the Arbitration Motion, would unnecessarily subject it to "the very complexities, inconveniences and expenses of litigation that [it] determined to avoid." *See Merrill Lynch,* 357 F. Supp. 2d at 1280 (granting motion to stay pending disposition of motion to compel arbitration, quoting *Klepper v. SLI, Inc.*, 45 Fed. Appx. 136, 139 (3d Cir. 2002).

This factor weighs strongly in favor of entering a stay.

**C.    Entering a stay will conserve court resources and serve judicial economy.**

Under the third *String Cheese* factor, the Court considers its own convenience. *String Cheese,* 2006 WL 894955, at *2. As noted in the prior Motion to Vacate, Photobucket agreed in February to delay filing the present motion based on Plaintiffs' representations that they were amenable to "extending Photobucket's deadline to respond to the Complaint until the [Arbitration Motion] is decided." (Beard Decl., Ex. A; *and see* ECF 40, at 5-6.) Photobucket now moves for a formal stay based on Plaintiffs' resistance to any further extensions. Even before other factors, a stay of proceedings pending disposition of the Arbitration Motion serves the interests of judicial efficiency by

6

avoiding repeated, opposed motions to continue the Case Management Conference and deadline to respond to the Complaint.

Beyond the procedural efficiencies and if this Court grants the Arbitration Motion, Section 3 of the Federal Arbitration Act will require the claims to remain stayed until arbitration is concluded. Permitting the case to proceed into substantive litigation while the Arbitration Motion remains pending creates the possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event. *Grosvenor*, 2010 WL 1413108, at *2 ("[t]he court's time is not well-served by being involved in possible discovery motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation" while a motion to compel arbitration is pending). *Cf. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023) (holding litigation must be stayed during appeal of denial of motion to compel arbitration, to avoid the "worst possible outcome" for parties and the courts: litigating a dispute in the district court only for the court of appeals to "reverse and order the dispute arbitrated.").

A stay in this early stage while the Court considers the Arbitration Motion will prevent undue expense and effort for both parties and further preserve judicial economy. *See Stone,* 2010 WL 148278, at *3 ("[A] stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.")  Such a stay is particularly appropriate if resolution of a preliminary motion may dispose of the entire case. *See Grosvenor*, 2010 WL 1413108, at *1 (on motion to stay pending disposition of motion to compel arbitration, "[t]he court's time is not well-

7

served by being involved in possible discovery motions and other incidents of discovery—particularly given the elevated supervisory role of a court in class action litigation—where, as here, a dispositive motion is pending.").

For these reasons, this factor weighs in favor of entering a stay.

**D.  Staying discovery does not implicate any prejudice to non-parties.**

The fourth *String Cheese* factor considers nonparty interests. *String Cheese*, 2006 WL 894955, at *2. As a gating point, the Complaint fails to identify any third parties with a "significant particularized interest in this case." *See Huntsman v. Liberty Mut. Auto & Home Servs. LLC*, No. 24-CV-01637-GPG-KAS, 2025 WL 902165, at *3 (D. Colo. Jan. 2, 2025) (finding factor neutral). Beyond same, and as established by Photobucket's declarations of record, Photobucket has not used, is not using, and has no plans to use biometrics to identify the users in its dataset (and has not entered any license permitting such identification), and no third party has paid for access to its data set, so no third parties have any interest in the expeditious resolution of Plaintiff's substantive allegations. (*See* Ex. B (ECF 25-2, Amend. Curry Decl.), ¶ 3; *id.*, Ex. C (ECF 40-1, Supp. Curry Decl.), ¶¶ 3-4.) For this reason, this factor bears no weight.

**E.  Staying discovery serves the public interest by upholding federal policy favoring arbitration.**

The last *String Cheese* factor evaluates the public interest. *String Cheese*, 2006 WL 894955, at *2. The FAA establishes a strong public policy "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Colorado also supports arbitration as a "convenient, speedy, and efficient alterative to settling

8

disputes by litigation." *See City & Cty, of Denver v. Dist. Court In & For City & Cty. Of Denver*, 939 P.2d 1353, 1362 (Colo. 1997) (citing *Columbine Valley Construction Co. v. Board of Directors, Roaring Fork School District*, 626 P.2d 686, 690 (Colo. 1981)). Therefore, avoidance of the expense and burden associated with litigating a class action dispute before the Court while awaiting decision on a motion to enforce arbitration provisions that forward those public policy interests weighs in favor of granting a stay.

## Conclusion

A stay for the time remaining for the Court to rule on the Arbitration Motion serves the interests of judicial economy and the public interest, avoids material prejudice to Photobucket, and imposes no discernable prejudice on Plaintiffs. Photobucket respectfully requests that this Court enter a stay of proceedings.

Dated: September 3, 2025          Respectfully submitted,

*/s/ James Beard*
MERCHANT & GOULD, P.C.
Rachel Scobie
rscobie@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone:   612.332.5300
Facsimile:    612.332.9081

Jonathan Berschadsky
jberschadsky@merchantgould.com
500 5th Avenue, Suite 4100
New York, New York 10110
Telephone:   212.223.7241
Facsimile:    612.332.9081

James W. Beard
jbeard@merchantgould.com
1801 California St., Suite 3300
Denver, CO 80202
Telephone:   303.357.1670

9

Facsimile:   612.332.9081

*Attorneys for Defendant Photobucket.com, Inc.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on September 3, 2025, a true and accurate copy of the foregoing document was served via ECF to all counsel of record.

*/s/ James Beard*
James Beard
