IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| MAC PIERCE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:24-CV-3432-PAB-NRN |
| PHOTOBUCKET INC., | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY (DKT. 43)**

Plaintiffs Pierce, Cumming, Niki Hughes, and Sean Hughes filed this putative class action after they became aware, through harassing emails and public statements by Photobucket, that Photobucket was (at a minimum) preparing to imminently use their photos and likenesses to profit through biometric analysis. That was in December 2024. Plaintiffs initially agreed to allow Photobucket to expeditiously move to compel arbitration before proceeding with other aspects of this litigation. At this point, however, Plaintiffs believe that further delays are not justified considering the amount of time the case has been pending with no forward progress and Photobucket's continued attempts to trick or bully customers into accepting its new terms.

**I.    Background**

On March 7, 2025, Photobucket moved to compel arbitration. Dkt. 19. Then, after Plaintiffs' informal discovery requests revealed flaws in the evidence that it had initially presented to the Court in support of its Motion to Compel arbitration, Photobucket filed an amended motion on April 11, 2025. Dkt. 25 at 1 n.1. After further delay, the motion was fully briefed on June 6, 2025.[1] During the pendency of this case Photobucket has moved for no fewer

---

[1] As Plaintiffs explain in their Response, Photobucket will not be successful in its attempt force arbitration because the Plaintiffs never knew about, much less agreed to, the arbitration provision

than six extensions of its deadlines. *See* Dkts. 8, 20, 28, 33, 36, 40. Meanwhile, Photobucket has continued over at least the last two months to send almost-weekly spam emails to Plaintiffs and class members, exhorting them to sign in to its platform—which requires that they agree to its new terms and biometric policies—in order to save their old memories. *See* Declaration of Plaintiff Mac Pierce (Pierce Decl.) at ¶¶ 3–11.

Once already the Court—wisely—rejected Photobucket's request for a blanket stay of proceedings until the arbitration issue is resolved. As Photobucket points out, in March, it filed an unopposed motion to vacate the Scheduling Conference. *See* Dkt. 15. The Court did not grant that request but instead granted Photobucket the alternative relief of a 68-day extension. That extension—and two more—has now expired. While Plaintiffs did not oppose a stay back then, in light of the time that has passed and Photobucket's continued efforts to pick off class-members by getting them to agree to its new unconscionable terms of use, Plaintiffs believe it is time to move the case forward and therefore oppose Photobucket's requested stay.

## II.  Argument

"[S]tays of the normal proceedings of a court matter" are disfavored in this District and "should be the exception rather than the rule." *Christou v. Beatport, LLC*, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011). Pursuant to the Federal Arbitration Act (FAA), "a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement." *Bernal v. Burnett*, No. 10-CV-01917-PAB-KMT, 2010 WL 4644054, at *1 (D. Colo. Nov. 9, 2010), *vacated,* No. 10-CV-01917-PAB-KMT, 2010 WL 4792628 (D. Colo. Nov. 18, 2010). While Photobucket appeals to a purported pro-arbitration

---

added to Photobucket's terms of use over a decade after they last used the platform. *See* Dkt. 32 (Plaintiffs' Response to Photobucket's Motion to Compel Arbitration).

policy of the FAA, *but see Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022) (explaining that the FAA does not enshrine a federal policy of "fostering arbitration"), it ultimately acknowledges that its motion must be evaluated like any other motion to stay.

Accordingly, the Court should consider the—delightfully named—"*String Cheese*" factors: "(1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Richan v. Ageiss, Inc.*, No. 22-CV-01060-NYW, 2022 WL 2643565, at *2 (D. Colo. July 7, 2022) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). None of these factors, individually or collectively, justify a blanket stay of proceedings.

### A. Plaintiffs have a strong interest in moving the case forward, preserving evidence, and resolving their claims

Plaintiffs reasonably are concerned about continued blanket delay of this case. As they conveyed to Photobucket in conferring on this motion, Plaintiffs are concerned that given the pace of the case, they will be subject to a cramped case management schedule once litigation does commence and will have to contend with memories that have faded and—potentially—the inaccessibility of documents and other records that are relevant for proving their claims. Photobucket's proposed "categorical stay takes no account whatever of [Plaintiffs'] interest in bringing the case to trial" and "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts." *Clinton v. Jones*, 520 U.S. 681, 707–08 (1997). "Plaintiffs position [is] reasonable" in being concerned that "the more time that passes, the less likely Plaintiffs will have complete access to information on which entire portions of their case may hinge." *Bernal*, 2010 WL 4792628, at *1 (D. Colo. Nov. 18, 2010);

3

*see also Lester v. Gene Exp., Inc.*, No. CIVA09CV02648REBKLM, 2010 WL 743555, at *1 (D. Colo. Mar. 2, 2010) (denying stay pending resolution of motion to compel arbitration and noting that "delay may diminish Plaintiff's ability to proceed and may impact his ability to obtain a speedy resolution of his claims").

Notably, Photobucket did not make any representations in its Motion regarding its preservation efforts since the initiation of litigation. Thus, Plaintiffs have been provided with zero assurances that a continued delay in discovery will not prejudice them through the loss of evidence that may not be retained in the ordinary course of business. *Contra Ascent Energy, LLC v. Reach Wireline, LLC*, No. CV 21-326 KWR/CG, 2021 WL 3663852, at *3 (D.N.M. Aug. 18, 2021) (granting stay where "Defendant states that it has implemented preservation measures of documents in its possession or control, thereby allaying any possible concern about potential loss of documentary evidence."); *Bernal*, 2010 WL 4792628, at *1 (reconsidering prior denial of stay in light of these assurances). At a minimum, Photobucket should be required to explain what document preservation protocols it has put in place before it is entitled to a blanket stay.

Photobucket also argues that its own self-serving statements that it has done nothing wrong show that Plaintiffs will not be prejudiced by a stay. However, Plaintiffs continue to reasonably fear that Photobucket is imminently preparing to license their photos for artificial intelligence research. These fears are based on the repeated statements of Photobucket CEO Ted Leonard and Photobucket's adoption last year of a new biometric policy purportedly entitling it to engage in such licensing. As Photobucket's own declarant admits, Mr. Leornard told multiple media outlets that he "was in negotiations with 'multiple tech companies'" regarding licensing of Photobucket users' images. Dkt. 43-4 at ¶ 2. The declaration Photobucket submitted with this Motion does not, however, explain what has changed since Mr. Leonard made these statements,

4

whether they were inaccurate at the time, or why Photobucket promulgated its new biometric policy and is going to such efforts to secure users' agreement to it if it was never seriously planning to license users' photos for AI training. *See* Dkt. 1 (Compl.) at ¶¶ 67–81.

Indeed, whatever the declaration submitted by Photobucket says, it remains the case that, as of today, Photobucket's website continues to contain a "Biometric Information" policy that purports to give Photobucket licensing rights to the biometric data of non-paying users.[2] Moreover, Photobucket continues to spam inboxes of old users with emails that create a false sense of urgency to log in to their long-dormant accounts lest they lose access to old memories. *See* Pierce Decl. at ¶¶ 3–6. But anyone who tries to log in is required to consent to the Biometric Information policy to do so—meaning that even as Photobucket has disclaimed in this litigation any intention of licensing the biometric information stored in its archives, it continues to gather the legal authority to do so. *See* Pierce Decl. at ¶¶ 7–11.

Plaintiffs brought this litigation to protect consumers from the sneaky and illegal methods Photobucket deployed to manufacture consent to license their biometric data. Now, Photobucket wants to continue to slow roll this litigation, while also continuing to engage in at least some of the behavior challenged by Plaintiffs—and doing so in manner that keeps increasing the number of customers who, it will doubtless argue, have potentially waived their claims to the relief they would be entitled to as class members by consenting to the Biometric Information policy and the new Terms of Use. The disconnect between Photobucket's words and its actions underscores Plaintiffs' strong interest in moving the case forward and the prejudice an indefinite stay would cause.

---

[2] *See* Photobucket Biometric Information Privacy Policy, Photobucket.com, https://photobucket.com/legal/biometric-information-privacy-policy (last accessed 9/11/2025).

### B. Allowing the case to proceed would not impose an unnecessary burden or expense on Photobucket

Plaintiffs are not seeking to begin full discovery. Plaintiffs are only asking that Photobucket file an answer (or responsive motion), coordinate on filing a Scheduling Order, and allow the case to get going. Photobucket does not cite any cases in which a court has concluded that even answering a complaint amounts to an unnecessary burden. For example, this portion of Photobucket's argument cites *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, but in that case, the Defendant had moved to compel arbitration in the alternative to its filed motion to dismiss. *See* 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004). Photobucket would have to marshal the same arguments in arbitration that it will in moving to dismiss or answering the complaint. "The ordinary burdens associated with litigating a case do not constitute undue burden." *Lester*, 2010 WL 743555, at *1. There is no reason to allow it to delay.

Photobucket's arguments that the burdens of answering the complaint are "compounded and exacerbated" by the fact that its new Terms of Use—which Plaintiffs never saw or agreed to—purport to waive class actions is a *non sequitur*. The gravamen of Plaintiffs' case is that they did not agree to any of the new provisions that Photobucket recently attempted to foist upon its users, including the arbitration provision containing a class waiver and the new biometric policy. Photobucket's attempt to bootstrap its way to more prejudice is unavailing because, like its argument that it is entitled to a stay because it did nothing wrong, it assumes facts that are in dispute.

### C. Holding a scheduling conference and preparing to adjudicate Photobucket's motion to dismiss will not inconvenience the Court

Again, Plaintiffs are not asking for much. Plaintiffs are not seeking to begin full-scale discovery. They are just opposed to a blanket and indefinite stay of proceedings. The Court's resources will hardly be taxed by such limited proceedings and may ultimately be saved if they

6

lead to a more efficient overall resolution of this case when Photobucket's Motion to Compel Arbitration is ultimately denied.

"Stays—and the delay that comes with them—are usually not convenient" for courts. *McGinn v. El Paso Cnty., Colorado*, 640 F. Supp. 3d 1070, 1076 (D. Colo. 2022). "The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable and, hence, less manageable." *Lester*, 2010 WL 743555, at *2 (adding that this is particularly the case when "the stay is tied to . . . [a] pending motion on which ultimate success is not guaranteed").

Oddly, Photobucket suggests that *Coinbase, Inc. v. Bielski* supports its position. But that case was "resolve[d]" based on the *Griggs* principle, a doctrine of interlocutory appellate jurisdiction that means that a district court is deprived of the subject matter at issue in an interlocutory appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) ("[W]hether 'the litigation may go forward in the district court is precisely what the court of appeals must decide'" when an appeal is taken from the denial of a motion to compel arbitration (quoting *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)). Here, this Court has jurisdiction over the entirety of the case and is completely free to exercise its discretion to apply a blanket stay of proceedings or not to do so.

### D. A stay prejudices absent class-members

Photobucket ignores that this case was brought as a putative class in arguing that Plaintiffs' "Complaint fails to identify any third parties with a 'significant particularized interest in this case.'" Dkt. 43 at 8 (quoting *Huntsman v. Liberty Mut. Auto & Home Servs. LLC*, 2025 WL 902165, at *3 (D. Colo. Jan. 2, 2025)). All of the absent class members, who likely continue to be bombarded with emails from Photobucket urging them to log on and waive their rights to

7

proceed in court and to their biometric information, are potentially harmed by continued delay. *Cf. Fox v. Cnty. of Saginaw by Bd. of Commissioners*, No. 1:19-CV-11887, 2022 WL 1198203, at *6 (E.D. Mich. Apr. 22, 2022) (noting that delay from a stay "could end poorly for many unsuspecting class members").

### E.   Photobucket's arguments regarding the public interest based on the FAA are unavailing

Photobucket suggests that the public interest, as enshrined in the FAA, supports a blanket stay. But the FAA's provision regarding stays in district court is clear:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. In other words, the FAA requires a stay if, and only if, three conditions are met: (1) the court is "satisfied" that the dispute must be arbitrated; (2) one of the parties has asked for a stay; and (3) that party is not in default. *Cf. Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018) (the "express" listing of some circumstances "implies that there are no other circumstances under which" the provision applies).

The Supreme Court has recently held that "the text of the FAA makes clear that courts are not to create arbitration-specific procedural rules." *Morgan*, 596 U.S. at 419. The FAA's federal "policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id.* Thus, like any contractual right, the right to arbitration—and the associated right to a stay conferred by the FAA—does not come into play unless and until the Court finds that the parties have entered into a "valid and enforceable arbitration agreement in the first place." *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1305 (10th Cir. 2017). Photobucket has made its arguments in its

8

Amended Motion to Compel Arbitration but unless the Court accepts them, the Federal Arbitration Act provides it no entitlement to a blanket stay of proceedings.

## Conclusion

A stay prejudices plaintiffs and absent class members and may ultimately inconvenience the court whereas ordering Photobucket to answer the Complaint does not unduly burden Photobucket or serve the interests of judicial economy. Photobucket's motion should be denied.

Dated: September 11, 2025                           Respectfully submitted,

/s/ Isaac Green


Mike Kanovitz
Aaron Tucek
Isaac Green
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
(P) (312) 243-5900
(F) (312) 243-5902
mike@loevy.com
aaron@loevy.com
green@loevy.com

Daniel Twetten
LOEVY & LOEVY
2060 Broadway Street, Suite 460
Boulder, CO 80302
(P) (720) 583-6514
(F) (312) 243-5902
dan@loevy.com

9

**Certificate of Service**

I, Isaac Green, an attorney, hereby certify that on September 11, 2025, I served the foregoing unopposed motion for extension of time on all counsel of record electronically by filing it via CM/ECF.

/s/ Isaac Green