IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-3432-PAB-NRN

MAC PIERCE, NIKI HUGHES,
SEAN HUGHES, & VALERIE CUMMING,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PHOTOBUCKET INC. and UNKNOWN
DEFENDANTS,

    Defendants.

---

**DEFENDANT PHOTOBUCKET.COM, INC.'S
MOTION TO DISMISS**

---

By and through its undersigned counsel, Defendant Photobucket.com, Inc. ("Photobucket") respectfully moves to dismiss the Complaint (ECF 1) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state any claim upon which relief may be granted. Counsel for Photobucket corresponded and conferred telephonically with counsel for Plaintiffs prior to filing this Motion. Plaintiffs oppose the relief sought herein.

## INTRODUCTION

Plaintiffs' Complaint seeks to transform a hypothetical dispute based on Photobucket's alleged desire to license a limited subset of its users' photographs into a multi-state privacy and contract class action lawsuit. But Plaintiffs' allegations fail to

1

state any plausible, justiciable claim. Rather, the Complaint bases its claims on speculation over Photobucket's alleged "plans," "wishes," and "hopes" to monetize user photographs through the sale of biometric data or licensing for use in creating generative artificial intelligence images. (ECF 1, ¶¶1, 18, 195.) The Federal Rules require more than attenuated, conclusory allegations addressed to vague and hypothetical future harms, which do not establish standing under Article III. The Complaint should be dismissed in its entirety under Rule 12(b)(1).

Beyond its jurisdictional deficiencies, the Complaint fails to state any claims upon which relief can be granted and to meet the plausibility standard for pleadings under Rule 8. Dismissal is therefore warranted at this stage, before the parties and the Court expend unnecessary resources addressing claims that fail as a matter of law.

## LEGAL STANDARD

### A. Article III Standing

The jurisdiction of federal courts is limited by Article III of the Constitution to actual cases and controversies. *Bd. of Cnty. Commisioners of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1111 (10th Cir. 2002). "Standing is a threshold issue in every case." *Id.* (citation modified). To satisfy the standing requirements imposed by Article III, a plaintiff must demonstrate (1) an injury-in-fact, that is a concrete and actual harm that has occurred, not a hypothetical harm, (2) a causal relationship between the injury and the conduct being challenged, and (3) redressability by the Court. *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A claimed injury that is contingent upon speculation or conjecture

2

is beyond the bounds of a federal court's jurisdiction." *Morrill v. Aaarhaus*, No. 24-cv-00199-PAB-KAS, 2024 WL 5509977, at *5 (D. Colo. Nov. 26, 2024), *report and recommendation adopted*, No. 24-CV-00199-PAB-KAS, 2025 WL 815383 (D. Colo. Mar. 14, 2025). When a plaintiff has not yet sustained injury for the alleged wrongdoing, the court lacks subject matter jurisdiction under Rule 12(b)(1). *Lujan*, 504 U.S. at 560.

### B.     Failure to State a Claim

To survive a challenge under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Documents that are referred to in and central to the Complaint may be considered on a motion to dismiss without conversion into a motion for summary judgment. *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1136 (D. Colo. 2013). A court must accept well-pled facts as true, but it should look also "to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). A complaint with only "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ARGUMENT

### A.     The Complaint fails to establish standing.

Standing requires injury-in-fact, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Laufer*, 22 F.4th at 876 (quoting *Lujan*, 560-61 (1992)). An alleged future

3

injury is only sufficiently imminent "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Laufer*, 22 F.4th at 876 (citation modified) (internal quotations omitted). Beyond the jurisdictional concern, the case-or-controversy requirement ensures "'the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000). Standing "assure[s] that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 472 (1982).

Plaintiffs' Complaint fails to meet this foundational requirement, as it plainly bases its claims on a fear that Photobucket *might* license their photographs someday for use in some way to train generative AI models or that some unknown biometrics *might* be extracted from their photos without their consent. (*See e.g.*, ECF 1, ¶1) ("Photobucket is **threatening**[1] to sell Plaintiffs' images … [and] Photobucket **hopes** to monetize Plaintiffs' photos" (emphasis added)), ¶18 ("Photobucket's **plan to** license the 13 billion photographs. . . [and] [i]f it wishes **to follow through on its licensing scheme**. . . " (emphasis added).) Indeed, the Complaint expressly concedes that Photobucket had not even entered into any such license with any party. (ECF 1, ¶88.)

A *threatened* injury must be "certainly impending" to constitute injury-in-fact and

---

[1] All emphases added unless noted.

4

satisfy the requirements of Article III. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). But Plaintiffs' claims rest entirely on speculation about future events that may never occur. Such ruminations on potential harm fall shy of Article III's requirements. *See Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) ("The individual petitioners can hope for nothing more than an opinion, so they cannot satisfy Article III."); *Whitmore*, 495 U.S. at 158 ("Allegations of possible future injury do not satisfy the requirements of Art. III.").

Article III standing requires more than a possibility that a nonspecific harm might come to pass. *See Haaland*, 599 U.S. at 294. On this ground alone, the Complaint should be dismissed under Rule 12(b)(1).

**B.    The Complaint fails to state a claim under the Illinois Biometric Information Privacy Act.**

Plaintiffs' assertion of the Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1 *et seq.*) in the First and Second Causes of Action fails as a matter of law because Plaintiffs do not plausibly allege that Photobucket collected or used any "biometric identifiers" or "biometric information" within the meaning of the statute. Plaintiffs assert that Photobucket's "plan [is] to license the 13 billion *photographs* [uploaded by users] for biometrics and generative AI uses[.]" (ECF 1, ¶18.) But the only material Photobucket allegedly plans to license—photographs—is expressly excluded from the BIPA's provisions, which provide that "biometric identifiers do not include … photographs[,]" and that "biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." 740 ILCS 14/10 (defining "biometric identifier" and "biometric information"). Simply possessing, storing,

5

transmitting, or licensing photographs does not constitute collection of biometric identifiers (or any other actionable conduct) under the BIPA.

Here, Plaintiffs do not allege that Photobucket improperly scanned facial geometry, retina or iris scan, or other biometric measurement as protected by the BIPA. *See* 740 ILCS 14/10, at "Biometric identifier." Nor do they identify any specific technology or software used by Photobucket that could extract such measurements from photographs. Instead, Plaintiffs speculate that Photobucket *might* sell and/or license photographs to unnamed third parties for the purpose of extracting and using some unspecified biometric identifiers and biometric information. Such speculative allegations of potential future misuse by unknown third parties cannot state a plausible claim for relief under the BIPA, which requires that a defendant itself collect, capture, or otherwise obtain a "biometric identifier." Because the statutory definition of "biometric identifier" unambiguously excludes photographs, and because Plaintiffs do not allege any qualifying biometric extraction or collection by Photobucket,[2] the BIPA claims fail as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

**C.    The Complaint fails to establish standing under other states' statutes.**

Plaintiff seeks redress under state statutes of Virginia, California, New York, and an unpled set of additional state statutes for the First through Fourth Causes of Action. Neither Plaintiffs nor the alleged misconduct of the Complaint have any connection to

---

[2] Even if Plaintiff's could sustain an action against Photobucket based on alleged extraction of biometric data by third parties, which they cannot, the Complaint does not even identify what biometric data or what third parties are supposedly implicated, and these claims fail for this additional reason.

6

these jurisdictions, leaving Plaintiffs without standing to seek redress.[3]

A plaintiff must suffer and plead injury-in-fact to bring a claim. *See Steel Co. v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1016 (1998) ("First and foremost, there must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" (internal quotations omitted)). Plaintiffs Mac Pierce, and Niki and Sean Hughes reside in Illinois, and Plaintiff Valerie Cumming resides in Iowa. (ECF 1, ¶¶ 7-10.) None of the Plaintiffs assert residence or wrongful conduct against them in Virginia, California, New York, or any cognizable injury entitled to redress under these states' laws or any other statute or provision implicated by the Complaint.

Courts in this district have previously held that a plaintiff lacks standing to bring class claims on behalf of a class under the laws of states to which plaintiff has never been subject or where plaintiff has never resided. *See Clark v. Strad Energy Servs., USA, Ltd.*, No. 17-cv-1242-WJM-KMT, 2018 WL 3647922, at *5 (D. Colo. Aug. 1, 2018) (citing *Smith v. Pizza Hut, Inc.*, No 09-cv-01632-CMA-BNB, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011) (collecting cases)).[4] None of the named plaintiffs allege any

---

[3] *I.e.,* Va. Code § 8.01-40(A), Va. Code § 18.2-152.1, et seq., Cal. Civ. Code § 1798.100(b) via Cal. Bus. & Prof. Code § 17200, Cal. Civ. Code § 3344(a), New York Civil Rights Law §§ 50–51. (*See* ECF 1, at First through Third Causes of Action), and Va. Code 59.1-200, Cal. Bus. & Prof. Code § 17500, NY Gen. Bus. Law § 349 (*id.*, Fourth Cause of Action).

[4] Photobucket notes this Court's opinions in *Butler v. Specialized Loan Servicing LLC*, No. 24-CV-01087-PAB-SBP, 2025 WL 2613745 (D. Colo. Sept. 10, 2025), and *George v. Urb. Settlement Servs.*, No. 13-CV-01819-PAB-KLM, 2017 WL 4222620 (D. Colo. Sept. 21, 2017). Both are distinguishable as in those cases it was not disputed that the putative class representative had standing to raise the challenged grievance under

cognizable injury under the privacy laws of Virginia, California, New York, or any other state where they did not reside at the time of claimed injury, leaving Plaintiffs without standing to bring these claims. *See e.g., Smith*, 2011 WL 2791331, at *10 ("Plaintiff lacks standing to bring claims under state laws to which Plaintiff has never been subjected and the class action claim must therefore be dismissed for lack of standing."). Plaintiffs cannot suggest that the Constitution's injury-in-fact requirement is obviated by Rule 23, as "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-39 (2016).

The Tenth Circuit has unambiguously held that "[p]rior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole—*that unnamed plaintiffs might have a case of [sic] controversy is irrelevant*." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011); and, *e.g., In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010) (in class action, "the Court merely announces the same rule that applies in every case: each claim must have a named plaintiff with constitutional standing to assert it.").

Plaintiffs' claims cannot be based on a future class member's alleged injury. Plaintiffs have suffered no cognizable injury under other states' laws and cannot bootstrap claims based on the alleged injury of any future class members. The

---

*some* state's laws, reserving the question of adequate representation for other states' class members for Rule 23. Here, the opposite is true; Plaintiffs have no claim under the BIPA or standing under any other state's provisions.

Complaint's claim under these other states' laws must be dismissed.

### D. The Complaint's claims under uncited provisions fail to state a claim.

The Complaint's residual references to unpled provisions of "other states," "common law," and "constitutional… protections" are fatally deficient for the additional reason that they fail to give *any* notice of which provisions (or resulting elements of pleading) are at issue. (*E.g.,* ECF 1, at Causes of Action I-IV *and* ¶¶26, 123, 129; *id.* ¶164 ("[t]he law of every state").) Plaintiff's assertions give no meaningful ability to assess potential exposure, frame a responsive pleading, or conduct discovery. This leaves Photobucket guessing as to the specific statutes or provisions under which Plaintiffs intend to pursue relief, in violation of the notice requirements of Rule 8(a). *E.g., Smith v. Adidas Am., Inc.*, 691 F.Supp.3d 564, 579 (N.D.N.Y. Sept. 1, 2023) (granting Defendant's motion to dismiss under Rule 12(b)(6) because the "Plaintiff's failure to identify the relevant state-law statutes or otherwise identify the applicable state law theories of liability provides Defendants with insufficient notice of the claims against it."); *Szczubelek v. Cendant Mortg. Corp.*, No. 00-cv-2858, 2001 WL 34875217, at *3 (D.N.J. June 15, 2001) (finding plaintiff failed to meet the Rule 8 pleading standard because "Plaintiff's method of pleading the [consumer fraud] law of every state does not provide [Defendant] fair notice of the claims asserted against it."). The resulting claims for relief under generic "state law" and uncited provisions must be dismissed.

### E. The Complaint fails to state a claim for deceptive practices.

Plaintiffs' Fourth Cause of Action, alleging deceptive business practices, is facially defective under Rule 12(b)(6). Plaintiffs allege that Photobucket sent emails

9

beginning in May and June 2024 to deceive users into accepting a new Biometric Policy. Plaintiffs allege that these emails omitted and concealed that (1) account access depended on agreeing to the Biometric Policy, (2) Photobucket would disclose users' biometric data to third parties, and (3) Photobucket would begin such disclosures after the conclusion of a 45-day window. (ECF 1, ¶166.)

But Plaintiffs' own allegations and the face of the Biometric Policy quoted in the Complaint concede that it did not go into effect until *July* 2024. *See* Exhibit A (Biometric Policy), at p.1; *and see Henson,* 935 F. Supp. 2d at 1136. (ECF 1, ¶79 (effective date in July 2024, and quoting Biometric Policy). Accordingly, when the subject emails were allegedly sent, the Amended Terms were not in effect, and irrelevant for account access. *See* Ex. A. Plaintiffs do not allege any user visiting the Photobucket website in response to the emails would have even seen the Amended Terms. Plaintiffs' Complaint confirms the lack of connection between the allegedly deceptive communication and the harm it is alleged to have caused, and should be dismissed under Rule 12(b)(6).

F. **The Complaint fails to state a claim for breach of contract.**

Plaintiffs' Fifth Cause of Action fails to state a claim for breach of contract. To state a claim for breach of contract under Colorado law, a plaintiff must allege (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff or justification for nonperformance, (3) failure to perform by the defendant, and (4) resulting damages. *See Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1041 (D. Colo. 2012) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). The Complaint fails to plead at least (1) the existence of a valid and enforceable

10

contract, (2) performance by the Plaintiffs, and (3) a failure to perform by Photobucket that constitutes a breach of a contractual obligation with the specificity or factual support required to meet the plausibility standard of Rule 8(a) and *Twombly/Iqbal*. Plaintiffs never identify a specific valid and enforceable agreement between themselves and Photobucket that forms the basis for their breach of contract claim.

The only contractual language quoted or identified anywhere in the Complaint is from one allegedly in use in 2006.[5] (ECF 1, ¶50.) But Plaintiffs assert that the terms in effect "when Class Members uploaded their photos to Photobucket" would apply. (ECF 1, ¶185.) Plaintiffs Pierce and Hughes did not even *join* Photobucket until 2011, and Cumming last used her account "around 2010." (ECF 1, ¶¶82-83, 96, 102.)

Plaintiffs do not allege that they accepted or were bound by any 2006 version of the terms of use, or identify any provision in effect at the time of their account creation or binding during the time of the alleged conduct. The Complaint instead leaves the Court to guess which version of Photobucket's terms of use allegedly applies to each Plaintiff and lacks *any* allegation of binding provisions that form the basis of the asserted contractual duty. Plaintiffs likewise fail to plead any conduct that would breach any such provision binding the parties. This is the very sort of vague pleading that *Twombly* forbids. Where a complaint fails to identify any conduct constituting breach of

---

[5] Plaintiffs' general allegations purport to quote language from a version of the terms of use from 2006 (ECF 1, ¶50), but the terms of use in effect at the end of 2006 do not include the quoted language upon which Plaintiffs predicate their entire argument. *Compare* ECF 1, ¶50 *with* Declaration of Scott Curry, Ex. B. Plaintiffs' failure to identify with any specificity the asserted agreement—much less identify applicable terms from the agreements to which Plaintiffs allege they actually *agreed*—is fatal to their claim.

a specific contractual obligation, the breach of contract claim should be dismissed. *See Klen v. Klen*, No. 22CV30104, 2023 Colo. Dist. LEXIS 211, at *26 (D. Colo. Jan. 12, 2023) (citing *Adams Cnty. Hous. Auth. v. Panzlau*, 527 P.3d 440, 450 (Colo. App. 2022) ("Here, because Panzlau cited to no specific provision of her lease that Maiker allegedly breached, she did not set forth sufficient factual allegations to plausibly support the 'failure to perform' element of her breach of contract counterclaim.").

Plaintiffs' claim for breach of contract should be dismissed under Rule 12(b)(6).

### G. The Complaint fails to state a claim for unjust enrichment.

Plaintiffs' Seventh Cause of Action fails to plausibly allege the requisite enrichment required to sustain an unjust enrichment claim. *Abercrombie v. Aetna Health, Inc.*, 176 F. Supp. 3d 1202, 1216 (D. Colo. 2016). Instead, the Complaint conditions its allegations of any benefit secured by Photobucket to those "alleged herein." (ECF 1, ¶209.) As discussed above (*see supra*, Section A of Argument), Plaintiffs assert misconduct in the form of Photobucket's alleged plans to license images, and its alleged *hopes* to monetize its dataset. Because Plaintiffs' 'allegations' are directed to prospective, attenuated possibilities of profit, the Complaint fails to state a claim for relief for unjust enrichment and must be dismissed.

### H. The Complaint fails to state a claim under the Digital Millenium Copyright Act.

The Tenth and Eleventh Causes of Action assert violations of Sections 1202(b)(1) and (3) of the Copyright Act. (ECF 1, at 43 and 46 *et seq*.) These claims fail to plead an essential element required to state a plausible claim for relief because they

12

fail to identify a single item of copyright management information ("CMI") in Plaintiffs' photographs protected by Section 1202 with specificity or allege any such CMI existed.

Section 1202(b) prohibits actual removal or alteration of CMI from a copyrighted work, or distribution of such a work knowing that the CMI has been removed or altered. 17 U.S.C. § 1202(b). To plead a violation, a plaintiff must allege the existence of specific CMI attached to an identifiable copyrighted work, and that the defendant intentionally removed or altered that information. *See Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 673-76 (9th Cir. 2018). Importantly, a plaintiff that does not identify the CMI at issue in a case leaves no basis to understand the nature of the claim and fails to state a valid Section 1202 claim. *Design Basics, LLC v. WK Olson Architects, Inc.*, 2018 WL 3629309, at *4 (N.D. Ill. July 23, 2018); *see also Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 872 (N.D. Cal. 2023) ("In order to state this claim, *each plaintiff* must identify *the exact type of CMI included in their online works* that were online and that they have a good faith belief were scraped into the LAION datasets or other datasets used to train Stable Diffusion." (emphases added)).

While the Complaint asserts that the feared "imminently forming contractual arrangements" would entail the use of "copyrighted photos with altered or removed copyright management information" (ECF 1, ¶ 237), it fails to assert that the Plaintiffs' photographs allegedly at issue included any CMI much less identify the specific CMI attached to each Plaintiff's images (e.g., a watermark or copyright notice). Moreover, the Complaint does not allege that Photobucket—or any third party—ever removed,

altered, or distributed an image with its CMI removed. Instead, it alleges only a future possibility that "contractual arrangements" *might* lead to use of copyrighted photos with altered or removed CMI. (*Id.*) Such speculative and nonspecific statements about possible future conduct do not state a claim upon which relief can be granted.

On this basis, the Tenth and Eleventh Causes of Action brought under the DMCA should be dismissed under Rule 12(b)(6). *See Jacobs v. Journal Publ'g Co. D/B/A/ the Albuquerque Journal*, No. 1:21-cv-00690-MV-SCY, 2022 WL 1554737, at *4 (D.N.M. May 17, 2022) (recommending dismissal of claim under DMCA because the allegations were vague and the complaint itself lacked a clear identity of the CMI); *report and recommendation adopted*, in 2022 WL 2751718 (D.N.M. July 14, 2022).

### I.     The Complaint fails to state a claim against the Unknown Defendants.

The Third, Sixth, and Eighth Causes of Action should be dismissed for failure to sufficiently identify the subject "Unknown Defendants." (ECF 1, pp. 31, 39, 41.) The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," such that "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Loera v. True*, No. 21-cv-02794-NYW-MEH, 2023 WL 2773398, at *2 (D. Colo. Apr. 4, 2023) (citation modified). Where allegations against unnamed defendants "'are vague and fail to meet the pleading standards under [*Twombly*]," claims against the unnamed defendants may properly be dismissed. *Id*. (citing *Twombly*, 550 U.S. 544 (2007)).

Beyond bare allegations that Photobucket hoped to license images to an

14

unidentified set of "Unknown Defendants," Plaintiffs provide no detail permitting service of process on any such parties, and have failed to affect such service in the time limits set by Rule 4(m). The Third, Sixth, and Eighth Causes of Action should be dismissed.

### J. The Complaint fails to state a claim for conspiracy.

"If the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself." *Rosenblum v. Budd*, 538 P.3d 354, 367 (Colo. App. 2023) (citation omitted). As the Complaint assert no plausible claim for relief, its derivative Ninth Cause of Action for conspiracy should be dismissed.

### CONCLUSION

For the aforementioned reasons, Plaintiffs' Complaint should be dismissed for lack of standing and failure to state a claim.

Dated: November 7, 2025

Respectfully submitted,
*/s/ James W. Beard*
MERCHANT & GOULD, P.C.
Rachel Scobie
rscobie@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone:   612.332.5300
Facsimile:    612.332.9081

Jonathan Berschadsky
jberschadsky@merchantgould.com
500 5th Avenue, Suite 4100
New York, New York 10110
Telephone:   212.223.7241
Facsimile:    612.332.9081

James W. Beard
jbeard@merchantgould.com
1125 17th St, Suite 2100
Denver, CO 80202
Telephone:   303.357.1670
Facsimile:    612.332.9081

*Attorneys for Defendant Photobucket.com, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2025, a true and accurate copy of the foregoing document was served via ECF to all counsel of record.

                                              */s/ James W. Beard*
                                                James Beard