IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-3432-PAB-NRN

MAC PIERCE, NIKI HUGHES,
SEAN HUGHES, & VALERIE CUMMING,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PHOTOBUCKET, INC. and UNKNOWN
DEFENDANTS,

    Defendants.

---

**DEFENDANT PHOTOBUCKET.COM, INC.'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

---

Defendant Photobucket.com, Inc. ("Photobucket") respectfully moves to dismiss the Amended Complaint (ECF 51, "FAC" or "Amended Complaint")[1] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state any claim upon which relief may be granted. Counsel for Photobucket corresponded and conferred telephonically on December 10, 2025 with counsel for Plaintiffs prior to filing this Motion. Plaintiffs oppose the relief sought.

Plaintiffs' FAC seeks to transform a hypothetical dispute based on Photobucket's

---

[1] Photobucket previously moved to dismiss (ECF 50, "Original Motion") the original Complaint (ECF 1).  Plaintiffs amended the Complaint in response, adding Amended Paragraphs 18-27, 36, 107, 190-191, 193; revising Amended Paragraphs 28, 37, 97, 109, 177, 178, 179, 192, 194, 203, 240; and deleting Paragraphs 178-183 and 185-186, 193, which amendments did not resolve the deficiencies asserted in the Original Motion.

1

alleged desire to license a limited subset of its users' photographs into a multi-state privacy and contract class action lawsuit. Plaintiffs' allegations fail to state a justiciable claim. Rather, the FAC bases its claims on speculation over Photobucket's alleged "hopes" and "plans" to monetize user photographs through the sale of biometric data or licensing for use in creating generative artificial intelligence images. (ECF 51, ¶1, ¶201.)

The Federal Rules require more than conclusory allegations addressed to hypothetical future harms, which do not establish standing. The FAC further fails to state any claims upon which relief can be granted and to meet the plausibility standard for pleadings under Rule 8. Dismissal is therefore warranted at this stage, before the parties and the Court expend unnecessary resources addressing claims that fail as a matter of law. The FAC should be dismissed in its entirety.

## LEGAL STANDARD

### A.   Article III Standing

The jurisdiction of federal courts is limited by Article III of the Constitution to actual cases and controversies. *Bd. of Cnty. Commisioners of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1111 (10th Cir. 2002). "Standing is a threshold issue in every case." *Id.* (citation modified). To satisfy the standing requirements imposed by Article III, a plaintiff must demonstrate (1) an injury-in-fact, that is a concrete and actual harm that has occurred, not a hypothetical harm, (2) a causal relationship between the injury and the conduct being challenged, and (3) redressability by the Court. *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A claimed injury that is contingent upon speculation or conjecture

is beyond the bounds of a federal court's jurisdiction." *Morrill v. Aaarhaus*, No. 24-cv-00199-PAB-KAS, 2024 WL 5509977, at *5 (D. Colo. Nov. 26, 2024), *report and recommendation adopted*, No. 24-CV-00199-PAB-KAS, 2025 WL 815383 (D. Colo. Mar. 14, 2025). When a plaintiff has not yet sustained injury for the alleged wrongdoing, the court lacks subject matter jurisdiction under Rule 12(b)(1). *Lujan*, 504 U.S. at 560.

### B. Failure to State a Claim

To survive a challenge under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Documents that are referred to in and central to the FAC may be considered on a motion to dismiss without conversion into a motion for summary judgment. *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1136 (D. Colo. 2013). A court accepts well-pled facts as true, but also looks "to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.

## ARGUMENT

### A. The Amended Complaint Fails to Establish Standing.

Standing requires injury-in-fact, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Laufer*, 22 F.4th at 876 (quoting *Lujan*, 560-61 (1992)). An alleged future injury is only sufficiently imminent "if the threatened injury is certainly impending, or

3

there is a substantial risk that the harm will occur." *Laufer*, 22 F.4th at 876 (citation modified) (internal quotations omitted). Beyond the jurisdictional concern, the case-or-controversy requirement ensures "'the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 191 (2000). Standing "assure[s] that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 472 (1982).

Plaintiffs' FAC fails to meet this foundational requirement, as it plainly bases its claims on a fear that Photobucket *"could* begin"[2] licensing photographs someday to train generative AI models or that unknown biometrics *might* be extracted from their photos. (ECF 51, ¶23; *e.g., id.*, ¶1 ("Photobucket is **threatening** to sell Plaintiffs' images …"), ¶28 ("Photobucket's **plan** to license. . .").) Indeed, the FAC expressly concedes that Photobucket has not even entered into any such license with any party. (ECF 51, ¶23; *id.* ¶99 (alleging Photobucket was "actively *marketing*" the images).)[3]

A *threatened* injury must be "certainly impending" to satisfy injury-in-fact and the requirements of Article III. *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). But

---

[2] All emphases added unless noted.
[3] Photobucket notes that Plaintiffs have no basis to amend the complaint to plead a more concrete injury-in-fact, as they have been served since filing the original Complaint with declarations establishing that Photobucket has not licensed images for biometric analysis or for use generating artificial intelligence images, and has no intention to do so.  (*E.g.*, ECF 25-2, ¶3; ECF 40-1, ¶¶2-4.)

Plaintiffs' claims rest entirely on speculation about future events that may never occur. Such ruminations on potential harm fall shy of Article III's requirements. *See Whitmore*, 495 U.S. at 158 ("Allegations of possible future injury do not satisfy the requirements of Art. III."); *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023) ("The individual petitioners can hope for nothing more than an opinion, so they cannot satisfy Article III."); *see also Morrill v. Aarhaus*, No. 24-cv-00199-PAB-KAS, 2024 WL 5509977, at *6-7 (D. Colo. Nov. 26, 2024) (where plaintiff did not allege that an alleged punishment ever went into effect, finding plaintiff had not shown any ongoing or imminent injury for the court to redress). Article III standing requires more than a possibility that harm might come to pass. *Whitmore*, 495 U.S. at 158. On this ground alone, the FAC should be dismissed in its entirety under Rule 12(b)(1).

### B. The Amended Complaint fails to state a claim under the Illinois Biometric Information Privacy Act.

Plaintiffs' assertion of the Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1 *et seq.*) in the First and Second Causes of Action fails as a matter of law because Plaintiffs do not plausibly allege that Photobucket collected or used any "biometric identifiers" or "biometric information" within the meaning of the statute. Plaintiffs assert that Photobucket's "plan [is] to license the 13 billion *photographs* [uploaded by users] for biometrics and generative AI uses[.]" (ECF 51, ¶28.) But the only material Photobucket allegedly plans to license—photographs—is expressly excluded from the BIPA's provisions, which provide that "biometric identifiers do not include … photographs[,]" and that "biometric information does not include information derived from items or

5

procedures excluded under the definition of biometric identifiers." 740 ILCS 14/10 (defining "biometric identifier" and "biometric information"). Simply possessing, storing, transmitting, or licensing photographs does not constitute collection of biometric identifiers (or any other actionable conduct) under the BIPA.

Here, Plaintiffs do not allege that Photobucket improperly scanned facial geometry, retina or iris scan, or other biometric measurement as protected by the BIPA. *See* 740 ILCS 14/10, at "Biometric identifier." Instead, Plaintiffs speculate that Photobucket *might* sell and/or license photographs to unnamed third parties for the purpose of extracting and using some unspecified biometric identifiers and biometric information. Such speculative allegations of potential future misuse by unknown third parties cannot state a plausible claim for relief under the BIPA, which requires that a defendant itself collect, capture, or otherwise obtain a "biometric identifier." Because the statutory definition of "biometric identifier" unambiguously excludes photographs, and because Plaintiffs do not allege any qualifying biometric extraction or collection by Photobucket,[4] the BIPA claims fail as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

### C. The Amended Complaint fails to establish standing under other states' statutes.

Plaintiff also seeks redress under state statutes of Virginia, California, New York, Texas, Washington, and Vermont, and under unidentified statutes of additional unpled

---

[4] Even if Plaintiff's could sustain an action against Photobucket based on alleged extraction of biometric data by third parties, which they cannot, the FAC does not even identify what biometric data or what third parties are supposedly implicated, and these claims fail for this additional reason.

states (collectively, the "Additional States") for the First through Fourth Causes of Action.[5] Neither Plaintiffs nor the alleged misconduct of the FAC have any connection to these jurisdictions, leaving Plaintiffs without standing to seek redress.

A plaintiff must suffer and plead injury-in-fact to bring a claim. *See Steel Co. v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1016 (1998) ("First and foremost, there must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" (internal quotations omitted)). Plaintiffs Mac Pierce, and Niki and Sean Hughes reside in Illinois, and Plaintiff Valerie Cumming resides in Iowa. (ECF 51, ¶¶ 7-10.) None of the Plaintiffs assert residence in the Additional States, or any cognizable injury entitled to redress under these states' laws or any other provision implicated by the FAC .

Courts in this district have previously held that a plaintiff lacks standing to bring class claims on behalf of a class under the laws of states to which plaintiff has never been subject or where plaintiff has never resided. [6] *See Clark v. Strad Energy Servs.,*

---

[5] *I.e.,* Va. Code § 8.01-40(A), Va. Code § 18.2-152.1, et seq., Cal. Civ. Code § 1798.100(b) via Cal. Bus. & Prof. Code § 17200, Cal. Civ. Code § 3344(a), New York Civil Rights Law §§ 50–51, Tex. Bus. & Com. Code Ann. § 503.001, Wash. Rev. Code § 19.375.010 *et seq*., and 9 Vt. Stat. Ann. 2430 *et seq*. (*See* ECF 51, at First through Third Causes of Action), and Va. Code 59.1-200, Cal. Bus. & Prof. Code § 17500, NY Gen. Bus. Law § 349 (*id.*, Fourth Cause of Action).

[6] Photobucket notes this Court's opinions in *Butler v. Specialized Loan Servicing LLC*, No. 24-CV-01087-PAB-SBP, 2025 WL 2613745 (D. Colo. Sept. 10, 2025), and *George v. Urb. Settlement Servs.*, No. 13-CV-01819-PAB-KLM, 2017 WL 4222620 (D. Colo. Sept. 21, 2017). Both are distinguishable as in those cases it was not disputed that the putative class representative had standing to raise the challenged grievance under *some* state's laws, reserving the question of adequate representation for class members of other states for Rule 23. Here, the opposite is true: Plaintiffs have no claim under the BIPA or standing under any other state's provisions.

7

*USA, Ltd.*, No. 17-cv-1242-WJM-KMT, 2018 WL 3647922, at *5 (D. Colo. Aug. 1, 2018) (citing *Smith v. Pizza Hut, Inc.*, No 09-cv-01632-CMA-BNB, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011) (collecting cases)). None of the named plaintiffs allege any connection to or cognizable injury under the laws of the Additional States, leaving Plaintiffs without standing to bring these claims. *See e.g., Smith*, 2011 WL 2791331, at *10 ("Plaintiff lacks standing to bring claims under state laws to which Plaintiff has never been subjected and the class action claim must therefore be dismissed for lack of standing."). Plaintiffs cannot suggest that the Constitution's injury-in-fact requirement is obviated by Rule 23, as "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-39 (2016).

The Tenth Circuit has unambiguously held that "[p]rior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole—*that unnamed plaintiffs might have a case of [sic] controversy is irrelevant*." *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011); and, *e.g., In re Checking Acct. Overdraft Litig.*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010) (in class action, "the Court merely announces the same rule that applies in every case: each claim must have a named plaintiff with constitutional standing to assert it.").

Plaintiffs' claims cannot be based on a future class member's alleged injury. Plaintiffs have suffered no cognizable injury under other states' laws and cannot bootstrap claims based on the alleged injury of any future class members. The FAC's

claim under these other states' laws must be dismissed.

### D.     The FAC's claims under uncited provisions fail to state a claim.

The FAC's residual references to unpled provisions of "other states," "common law," and "constitutional… protections" are fatally deficient for the additional reason that they fail to give *any* notice of which provisions (or resulting elements of pleading) are at issue. (*E.g.,* ECF 51, at Causes of Action I-IV *and* ¶¶37, 135, 141; *id.* ¶176 ("[t]he law of every state").) Plaintiff's assertions give no meaningful ability to assess potential exposure, frame a responsive pleading, or conduct discovery. This leaves Photobucket guessing as to the specific statutes or provisions under which Plaintiffs intend to pursue relief, in violation of the notice requirements of Rule 8(a). *E.g., Smith v. Adidas Am., Inc.*, 691 F.Supp.3d 564, 579 (N.D.N.Y. Sept. 1, 2023) (granting Defendant's motion to dismiss under Rule 12(b)(6) because the "Plaintiff's failure to identify the relevant state-law statutes or otherwise identify the applicable state law theories of liability provides Defendants with insufficient notice of the claims against it."); *Szczubelek v. Cendant Mortg. Corp.*, No. 00-cv-2858, 2001 WL 34875217, at *3 (D.N.J. June 15, 2001) (finding plaintiff failed to meet the Rule 8 pleading standard because "Plaintiff's method of pleading the [consumer fraud] law of every state does not provide [Defendant] fair notice of the claims asserted against it."). The resulting claims for relief under generic "state law" and uncited provisions must be dismissed.

### E.     The Amended Complaint fails to state a claim for deceptive practices.

Plaintiffs' Fourth Cause of Action, alleging deceptive business practices, is facially defective under Rule 12(b)(6). Plaintiffs allege that Photobucket sent emails

9

beginning in May and June 2024 to deceive users into accepting a new Biometric Policy. Plaintiffs allege that these emails omitted and concealed that (1) account access depended on agreeing to the Biometric Policy, (2) Photobucket would disclose users' biometric data to third parties, and (3) Photobucket would begin such disclosures after the conclusion of a 45-day window. (ECF 51, ¶178.)

But Plaintiffs' own allegations and the face of the Biometric Policy quoted in the FAC concede that Photobucket *had not implemented* the policy, which did not go into effect until *July* 2024. (ECF 51, ¶178(a) ("*intended* to implement"); *id.* ¶90 (effective date in July 2024, and quoting Biometric Policy); Exhibit A (Biometric Policy), at p.1.) *See Henson,* 935 F. Supp. 2d at 1136. When the subject emails were allegedly sent, the Amended Terms were not in effect, and were irrelevant for account access. *See* Ex. A. Plaintiffs do not allege any user visiting the Photobucket website in response to the emails would have even seen the Amended Terms. Plaintiffs' FAC confirms the lack of connection between the allegedly deceptive communication and the harm it is alleged to have caused, and the claim should be dismissed under Rule 12(b)(6).

**F.     The Amended Complaint fails to state a claim for breach of contract.**

Plaintiffs' Fifth Cause of Action fails to state a claim for breach of contract. To state a claim for breach of contract under Colorado law, a plaintiff must allege (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff or justification for nonperformance, (3) defendant's failure to perform an *identified* contractual obligation, and (4) resulting damages. *See Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1041 (D. Colo. 2012) (citing *Western Distrib. Co. v. Diodosio*, 841

10

P.2d 1053, 1058 (Colo. 1992)); *Adams Cnty. Hous. Auth. v. Panzlau*, 527 P.3d 440, 450 (Colo. App. 2022) ("because Panzlau *cited to no specific provision … that [was] allegedly breached*, she did not set forth sufficient factual allegations to plausibly support the 'failure to perform' element of her breach of contract counterclaim."). The FAC fails to plead at least (1) the existence of an identified valid and enforceable contract, (2) performance by the Plaintiffs, and (3) a breach of *any* identified contractual obligation by Photobucket with the specificity required to satisfy Rule 8(a) under *Twombly/Iqbal*.

Plaintiffs never identify a specific valid and enforceable agreement that forms the basis for their breach of contract claim, or a specific obligation breached. Plaintiffs' failure to identify with any specificity the asserted agreement—much less identify applicable terms from any agreements to which Plaintiffs allege they actually *agreed*—is fatal to their claim. *Henson,* 935 F. Supp. 2d at 1136.[7]

Plaintiffs do not allege that they accepted or were bound by any 2006 version of the terms of use, or identify any provision in effect at the time of their account creation or binding during the time of the alleged conduct. The FAC instead leaves the Court to guess which version of Photobucket's terms of use allegedly applies to each Plaintiff and lacks *any* allegation identifying a binding provision that forms the basis of the

---

[7] The only terms of use identified or quoted anywhere in the FAC is from one allegedly in use in 2006, but the terms in effect at the end of 2006 do not include the quoted language. (*Compare* ECF 51, ¶61 *with* Declaration of Scott Curry (previously filed at ECF 50-1–3), Ex. B.) Moreover, Plaintiffs Pierce and Hughes allege they did not join Photobucket until 2011, and Cumming alleges she last used her account "around 2010." (ECF 51, ¶¶93-96, 108, 114.)

asserted contractual duty. Plaintiffs likewise fail to plead any breach of such a provision. This is the very sort of vague pleading that *Twombly* forbids. Where a complaint fails to identify any conduct constituting breach of a specific contractual obligation, the breach of contract claim should be dismissed. *See Klen v. Klen*, No. 22CV30104, 2023 Colo. Dist. LEXIS 211, at *26 (D. Colo. Jan. 12, 2023).

Plaintiffs' claim for breach of contract should be dismissed under Rule 12(b)(6).

**G.     The Amended Complaint fails to state a claim for unjust enrichment.**

Plaintiffs' Seventh Cause of Action fails to plausibly allege the requisite enrichment required to sustain an unjust enrichment claim. *Abercrombie v. Aetna Health, Inc.*, 176 F. Supp. 3d 1202, 1216 (D. Colo. 2016). Instead, the FAC conditions its allegations of any benefit secured by Photobucket to those "alleged herein." (ECF 51, ¶215.) As discussed above (*see supra*, Section A of Argument), Plaintiffs assert misconduct in the form of Photobucket's alleged plans to license images, and its alleged *hopes* to monetize its dataset. Because Plaintiffs' 'allegations' are directed to prospective, attenuated possibilities of profit, the FAC fails to state a claim for relief for unjust enrichment and must be dismissed.

**H.     The Amended Complaint fails to state a claim under the Digital Millenium Copyright Act.**

The Tenth and Eleventh Causes of Action assert violations of Sections 1202(b)(1) and (3) of the Copyright Act. (ECF 51, at pp. 44 and 47 *et seq*.) These claims fail to plead an essential element required to state a claim for relief because they fail to identify with specificity a single item of copyright management information ("CMI")

12

in Plaintiffs' photographs protected by Section 1202 or allege any such CMI existed.

Section 1202(b) prohibits actual removal or alteration of CMI from a copyrighted work, or distribution of such a work knowing that the CMI has been removed or altered. 17 U.S.C. § 1202(b). To plead a violation, a plaintiff must allege the existence of specific CMI attached to an identifiable copyrighted work, and that the defendant intentionally removed or altered that information. *See Andersen v. Stability AI Ltd*., 700 F. Supp. 3d 853, 872 (N.D. Cal. 2023) ("In order to state this claim, *each plaintiff* must identify *the exact type of CMI included in their online works* that were online and that they have a good faith belief were scraped into the [datasets]."); *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 673-76 (9th Cir. 2018). A plaintiff that does not identify the CMI at issue in a case leaves no basis to understand the nature of the claim and fails to state a valid Section 1202 claim. *Design Basics, LLC v. WK Olson Architects, Inc*., 2018 WL 3629309, at *4 (N.D. Ill. July 23, 2018).

While the FAC asserts that the feared "imminently forming contractual arrangements" would entail the use of "copyrighted photos with altered or removed copyright management information" (ECF 51, ¶243), it fails to assert that the Plaintiffs' photographs allegedly at issue included any CMI much less identify the specific CMI attached to each individual Plaintiff's images (e.g., a watermark or copyright notice). *See Andersen*, 700 F. Supp. 3d at 872. Moreover, the FAC does not allege that Photobucket—or any third party—ever removed, altered, or distributed an image with its CMI removed. Instead, it alleges only a future possibility that "contractual arrangements"

13

*might* lead to use of copyrighted photos with altered or removed CMI. (ECF 51, ¶243.) Such speculative statements about possible future conduct do not state a claim upon which relief can be granted.

On this basis, the Tenth and Eleventh Causes of Action brought under the DMCA should be dismissed under Rule 12(b)(6). *See Jacobs v. Journal Publ'g Co. D/B/A/ the Albuquerque Journal*, No. 1:21-cv-00690-MV-SCY, 2022 WL 1554737, at *4 (D.N.M. May 17, 2022) (recommending dismissal of claim under DMCA because the allegations were vague and the complaint itself lacked a clear identification of the CMI); *report and recommendation adopted*, in 2022 WL 2751718 (D.N.M. July 14, 2022).

I. **The Amended Complaint fails to state a claim against the Unknown Defendants.**

The Third, Sixth, and Eighth Causes of Action should be dismissed for failure to sufficiently identify the subject "Unknown Defendants." (ECF 51, pp. 33, 40, 42.) The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," such that "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Loera v. True*, No. 21-cv-02794-NYW-MEH, 2023 WL 2773398, at *2 (D. Colo. Apr. 4, 2023) (citation modified). Where allegations against unnamed defendants "'are vague and fail to meet the pleading standards under [*Twombly*]," claims against the unnamed defendants may properly be dismissed. *Id*. (citing *Twombly*, 550 U.S. 544 (2007)). Beyond bare allegations that Photobucket hoped to license images to an unidentified set of "Unknown Defendants," Plaintiffs provide no detail permitting service of process on any

14

such parties, and have failed to affect such service in the time limits set by Rule 4(m).

The Third, Sixth, and Eighth Causes of Action should be dismissed.

### J. The Amended Complaint fails to state a claim for conspiracy.

"If the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself." *Rosenblum v. Budd*, 538 P.3d 354, 367 (Colo. App. 2023) (citation omitted). As the FAC asserts no plausible claim for relief, its Ninth Cause of Action for conspiracy should be dismissed.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Amended Complaint should be dismissed for lack of standing and failure to state a claim.

Dated: December 15, 2025

Respectfully submitted,

s/ James W. Beard
MERCHANT & GOULD, P.C.
**Rachel Scobie**
rscobie@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone:   612.332.5300
Facsimile:    612.332.9081

**Jonathan Berschadsky**
jberschadsky@merchantgould.com
500 5th Avenue, Suite 4100
New York, New York 10110
Telephone:   212.223.7241
Facsimile:    612.332.9081

**James W. Beard**
jbeard@merchantgould.com
1125 17th St, Suite 2100
Denver, CO 80202
Telephone:   303.357.1670
Facsimile:    612.332.9081

*Attorneys for Defendant Photobucket.com, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 15, 2025, a true and accurate copy of the foregoing document was served via ECF to all counsel of record.

<u>/s/ James W. Beard</u><br>
James Beard